1  CAROLINE LOBDELL (OSB# 021236)
   TATE JUSTESEN (OSB# 083741)
2  WESTERN RESOURCES LEGAL CENTER
3  9220 SW Barbur Blvd., Suite 119-327
   Portland, Oregon 97219
4  Telephone:   (503) 768-8500
   clobdell@wrlegal.org
5  tjustesen@wrlegal.org

6  Attorneys for Plaintiff
   WESTERN RESOURCES LEGAL CENTER
7

8

9                    **UNITED STATES DISTRICT COURT**

10                        **DISTRICT OF OREGON**

11                        **PORTLAND DIVISION**

12

13  WESTERN RESOURCES LEGAL          Case No.
    CENTER,
14                                   **COMPLAINT FOR DECLARATORY**
                    Plaintiff,       **AND INJUNCTIVE RELIEF**
15
           v.
16
    NATIONAL OCEANIC AND
17  ATMOSPHERIC ADMINISTRATION and
    NATIONAL MARINE FISHERIES
18  SERVICE,

19                  Defendants.

20

21

22

23

24

25

26

27

28

Plaintiff Western Resources Legal Center (Plaintiff), a non-profit legal education organization associated with the Lewis & Clark Law School, brings this Freedom of Information Act (FOIA) action against Defendants National Oceanic and Atmospheric Administration (NOAA) and National Marine Fisheries Service (NMFS) (together, the Government), and alleges as follows:

## <u>CONTROVERSY</u>

1.      This action concerns the Government's failure to timely respond to FOIA requests and the Government's failure to produce public records within legally required timeframes.

2.      The requested documents directly pertain to the public's understanding of the process surrounding the Government's granting, or denial, of fee waiver requests under 15 C.F.R. § 4.11.

3.      The documents requested from the Government by Plaintiff relate to whether the Government has changed its policy(ies), or created new policy(ies), regarding the granting or denying of fee waiver requests under 15 C.F.R. § 4.11.  Recent communications between Plaintiff and the Government regarding the denial of fee waiver requests, and in fact a specific denial of a fee waiver request, indicate that the Government has taken inconsistent positions regarding fee waiver requests.

4.      As a 501(c)(3) public interest educational organization with a mission to educate law students and the public about natural resources law, including making records requests pursuant to FOIA, Plaintiff has a strong interest in understanding the Government's policy(ies) regarding fee waiver requests.  Plaintiff also has an interest in understanding whether the Government has changed its policy(ies) regarding the review of fee waiver requests.

5.      In 2020, the Government denied a fee waiver request by Plaintiff, claiming that Plaintiff failed to meet the criteria for a fee waiver under 15 C.F.R. § 4.11 despite having granted Plaintiff's fee waiver requests in the past.  Nothing about Plaintiff's status changed from the granting of one fee waiver to the denial of a fee waiver.  Plaintiff is understandably concerned by

this inconsistent treatment without any accompanying explanation.  From all that appears, the Government has singled out Plaintiff and seeks to frustrate its access to public records.

6.    Plaintiff seeks to use the requested records to raise public awareness about this controversial issue, educate law students about regulatory processes, and challenge the legality of the Government's actions in the future should Plaintiff be improperly denied a fee waiver request in the future.

7.    Plaintiff asked the Government to produce all requested records *392 days ago*. Plaintiff is still waiting.  Given the months-long delay, and lack of communication, upon information and belief the Government seeks to hide records from the public about its policy(ies) pertaining to the review, granting, and denial of fee waiver requests under 15 C.F.R. § 4.11.

8.    Plaintiff asks that the Court issue an order directing the Government to promptly search for and produce all requested records in accordance with FOIA.

## JURISDICTION AND VENUE

9.    This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

10.    Venue is proper in this Court under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 117, because Plaintiff's principal place of business is located in Portland, Oregon.

11.    Assignment to the Portland Division is proper pursuant to Local Rule 3-2(b) because "a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated" in Multnomah County.

## PARTIES

12.    Plaintiff is a non-profit legal education organization recognized by the Internal Revenue Service as tax exempt under 26 U.S.C. § 501(c)(3).  It is associated with the Lewis & Clark Law School located in Portland, Oregon.  Plaintiff's mission is to provide "law students an opportunity to develop practical legal skills and specific knowledge of natural resources and environmental laws by assisting with the legal representation of farmers, ranchers, miners, foresters, resource developers and other natural resource dependent entities."  Through Plaintiff's

- 3 -
COMPLAINT

efforts, "[s]tudents gain an understanding of the litigation process and how laws impact the day to day operations of natural resource dependent businesses.  Students also experience a more profound educational experience by personally observing how laws and litigation impact businesses, the economy, and local communities."

13.     Defendant NOAA is a federal agency within the meaning of FOIA.  5 U.S.C. § 552(f)(1).  It is an executive agency within the United States Department of Commerce responsible for protecting and managing much of this country's marine wildlife and its habitat. Plaintiff submitted the FOIA request underlying this Complaint to NMFS, a division of NOAA. NOAA is in possession and control of records that Plaintiff seeks and is, therefore, subject to FOIA pursuant to 5 U.S.C. § 552(f).

14.     Defendant NMFS is a federal agency within the meaning of FOIA.  5 U.S.C. § 552(f)(1).  NMFS is an executive agency within NOAA responsible for the stewardship of national marine resources.  Plaintiff submitted the FOIA request underlying this Complaint to NMFS.  NMFS is in possession and control of records that Plaintiff seeks and is, therefore, subject to FOIA pursuant to 5 U.S.C. § 552(a).

**THE FREEDOM OF INFORMATION ACT**

15.     Congress enacted FOIA to protect the American people's "right to be informed about what their government is up to." *U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 773 (1989) (internal quotations omitted).  FOIA's basic purpose is "to ensure an informed citizenry, vital to the functioning of a democratic society, needed to check against corruption and to hold the governors accountable to the governed." *Nat'l Labor Relations Bd. v. Robbins Tires & Rubber Co*., 437 U.S. 214, 242 (1978).  To this end, FOIA allows access to government information "long shielded unnecessarily from public view" and vindicates the public's right to "secure such information from possibly unwilling official hands." *Envtl. Prot. Agency v. Mink*, 410 U.S. 73, 80 (1973).

16.     FOIA imposes strict deadlines on federal agencies once they receive a request for records.  Specifically, within 20 working days of receiving a FOIA request, an agency must

- 4 -
COMPLAINT

1    determine whether to disclose responsive records and must immediately notify the requester of its

2    determination and the reasons therefore.  5 U.S.C. § 552(a)(6)(A)(i).

3        17.    Such agency determinations must indicate the scope of the documents that the

4    agency will produce and the exemptions it will claim with respect to any withheld documents.

5    *Citizens for Responsibility & Ethics in Wash. v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C.

6    Cir. 2013).  An adverse determination must inform the requester of its right to appeal the agency's

7    determination.  *Id*.

8        18.    An agency may extend this 20-day period only in "unusual circumstances" as

9    defined by 5 U.S.C. § 552(a)(6)(B)(iii), and only for a maximum of 10 working days.  5 U.S.C.

10   § 552(a)(6)(B)(i); 15 C.F.R. § 4.6(d).

11       19.    Upon receipt of a request, the Government's FOIA regulations require the agency

12   to send acknowledgment of the request to the requester.  15 C.F.R. § 4.7(a).  The agency must also

13   provide "an estimated date on which the agency will complete action on the request."  5 U.S.C.

14   § 552(a)(7)(B)(ii).

15       20.    The agency must then make the requested records "promptly" available unless it

16   can establish that it may lawfully withhold records, or portions of records, from disclosure under

17   narrowly defined FOIA exemptions listed in § 552(b).  5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)(i).  In

18   doing so, it must make reasonable efforts to search for records in a manner that is reasonably

19   calculated to locate all records responsive to the FOIA request.  5 U.S.C. § 552(a)(3)(C)-(D); 15

20   C.F.R. § 4.3(b).  Promptly "typically would mean within days or a few weeks of a 'determination,'

21   not months or years."  *Citizens for Responsibility and Ethics in Washington v. Federal Election*

22   *Comm'n*, 711 F.3d 180, 188 (D.C. Cir. 2013).

23       21.    The United States district courts have jurisdiction "to enjoin the agency from

24   withholding agency records and to order the production of any agency records improperly withheld

25   from the complainant."  5 U.S.C. § 552(a)(4)(B).

26   ///

27   ///

28

**STATEMENT OF FACTS**

22.     On October 15, 2020, Plaintiff submitted a FOIA request to the Government, via the FOIA Online website, seeking the following four (4) categories of records related to the NOAA's review and granting of fee waivers under 15 C.F.R. § 4.11:

- The current NOAA policy(ies) regarding determination of fee waiver requests based on organization websites and whether an organization solicits donations from the public.

- Any and all internal agency communications, memoranda, guidance documents for NOAA personnel, training guides for NOAA personnel, internal directives, and any documents pertaining to NOAA's policy(ies) regarding agency assessment of fee waiver requests and granting, or denying, of fee waiver requests.

- Any fee waivers granted to similarly situated non-profit 501(c)(3) organizations in the past five years, including grants of fee waivers for organizations that accept donations as tax-exempt non-profit 501(c)(3) organizations.

- Any denials in the past five years of fee waiver requests from 501(c)(3) organizations on the basis that they accept donations and, thereby, are not qualified for the waiver, or on the basis that such organizations' work is not within the public interest.

23.     On October 16, 2020, having received no response (no confirmation of receipt, no tracking number, etc.) from the Government regarding the submission of the October 15, 2020 FOIA request, Plaintiff, via email, inquired with Ellen Sebastian of the NOAA FOIA office regarding apparent problems Plaintiff was experiencing when attempting to submit the FOIA request via the FOIA Online website.  On October 16, 2020, Ms. Sebastian replied to Plaintiff, via email, that the Government was experiencing "technical difficulties" with the FOIA Online submission system and invited Plaintiff to submit the FOIA request via email to foia@noaa.gov.

24.     On October 16, 2020, following instruction by Ms. Sebastian, Plaintiff submitted the FOIA request via email to foia@noaa.gov.

25.     On October 21, 2020, having received no response from the Government regarding its FOIA request submitted on October 16, 2020, Plaintiff again emailed the Government inquiring as to the status of its FOIA request.

26.     On October 27, 2020, Plaintiff received an email from the admin@foiaonline.gov address confirming receipt/submission of the October 16, 2020 FOIA request.  This October 27, 2020 email from admin@foiaonline.gov also contained a tracking number for the FOIA request.

27.     On October 28, 2020, the Government notified Plaintiff, via email from admin@foiaonline.gov, that Plaintiff's request for a fee waiver was fully granted.

28.     On April 22, 2021, having received no further correspondence, communication, nor document production in response to the FOIA request submitted to the Government on October 15 & 16, 2020, Plaintiff sent a status inquiry email to the Government (again, copying Ms. Sebastian on the email communication).   A review of the FOIA Online database indicates that the Government's own deadline for responding to the FOIA request was November 25, 2020.

29.     On September 17, 2021, Plaintiff received an email from the NOAA FOIA Office with an attached letter acknowledging delay in fulfilling the FOIA request, but still not producing any documents, and seemingly ignoring the prior correspondence inquiring about the status of the FOIA request.  The Government requested a "still interested" correspondence to be received from Plaintiff by October 18, 2021.

30.     On September 29, 2021, Plaintiff sent a letter to the Government responding to the Government's September 17, 2021 letter, and informing the Government that Plaintiff still wants the requested records.   As of November 10, 2021, Plaintiff has received no response/further communication from the Government.

31.     Due to the continuing failure of the Government to communicate or provide requested documents, Plaintiff is concerned that the Government is ignoring its legal duty to timely respond to FOIA requests.

32.     As of this writing, Plaintiff has yet to receive a single record nor has the Government made a timely determination within the meaning of FOIA.  *Citizens for Responsibility & Ethics in Washington v. FEC*, 711 F.3d 180, 182, 186 (D.C. Cir. 2012) ("*CREW*").

///

///

## FIRST CLAIM

**Violation of the Freedom of Information Act**
**Failure to Promptly Produce Records, 5 U.S.C. §§ 552(a)(3)(A), (a)(6)(C)**
**(Against the Government)**

33.     Plaintiff realleges and incorporates by reference each of the allegations set forth in the preceding paragraphs.

34.     Plaintiff properly requested public records within the Government's control and the Government has wrongfully withheld the requested records from Plaintiff.

35.     After deciding to disclose responsive records in response to a FOIA request, FOIA requires the Government to promptly provide responsive records, or any reasonably segregable portions of responsive records, not subject to specified FOIA exemptions.   In doing so, the Government must make reasonable efforts to search for records in a manner that is reasonably calculated to locate all records responsive to the FOIA request.

36.     The Government violated FOIA by failing to promptly produce all public records, or to disclose reasonably segregable portions of lawfully exempt records, that are responsive to Plaintiff's FOIA request.

37.     The Government also failed to comply with its own estimated date of completion or complete its response to Plaintiff's FOIA request.

38.     Plaintiff has exhausted, or is lawfully excused from exhausting, any applicable administrative remedies.

39.     Plaintiff is entitled to obtain the requested records immediately at no cost to Plaintiff.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff asks that the Court enter judgment against the Government as follows:

1.     Declare the Government violated FOIA by failing to timely produce all requested records;

2.      Order the Government to conduct a reasonable search for all responsive records and promptly produce them and bear the costs of doing so;

3.      Order the Government shall promptly produce a log of any withheld records;

4.      Award Plaintiff its reasonably incurred fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E) (Equal Access to Justice Act); and

5.      Grant such other relief as the Court may deem just and proper.


Respectfully submitted,


DATED:  November 11, 2021          WESTERN RESOURCES LEGAL CENTER


                                   /s/ Tate Justesen
                                   TATE JUSTESEN (OSB# 083741)
                                   Attorney for Plaintiff
                                   WESTERN RESOURCES LEGAL CENTER

COMPLAINT